**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EMILY IORG-WALTERS          )
        Plaintiff,          )
     vs.               )     Case No.: **2:19-CV-2245**
                          )
GRACELAND COLLEGE CENTER   )
FOR PROFESSIONAL DEVELOPMENT  )
AND LIFELONG LEARNING, INC., D/B/A  )
SKILLPATH SEMINARS        )
SERVE: Registered Agent: Corporation Service Co.  )
     2900 SW Wanamaker Dr., Suite 204  )
     Topeka, Kansas 66614       )
             Defendant.      )

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**AND DESIGNATION OF PLACE OF TRIAL**

COMES NOW, Plaintiff Emily Iorg-Walters ("Iorg" or "Plaintiff") and, by and through undersigned counsel, files the following Complaint against Defendant Graceland College Center for Professional Development and Lifelong Learning, Inc., d/b/a SkillPath Seminars ("SkillPath" or "Defendant"):

**PARTIES.**

1.      Plaintiff Iorg is an individual residing in Kansas City, Missouri.

2.      Plaintiff Iorg worked at SkillPath Seminars in Mission, Kansas.

3.      Defendant SkillPath Seminars is a Kansas limited liability company in good standing within the law of the State of Kansas, doing business in the State of Kansas, with its principal place of business at 6900 Squibb Road, Mission, Kansas 66202.

4.      Defendant SkillPath Seminars may be served with process by service thereof upon its Registered Agent, Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

5.      Defendant SkillPath Seminars is an "employer" within the meaning of Title VII, K.S.A. §44-1001, et seq.

6.      During calendar years 2013, 2014, 2015, 2016, and 2017, for each working day during each of 20 or more calendar weeks, Defendant SkillPath employed 20 or more employees within a 75-mile radius of Plaintiff Iorg's location of employment.

7.      Defendant SkillPath had at least 15 employees at all relevant times.

8.      This is an action for discrimination and retaliation in violation of Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA").

## JURISDICTION AND VENUE.

9.      This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Section 1981 and 42 U.S.C. Section 2000e-5, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., and the Americans with Disabilities Act, as amended in 2008 ("ADA"/ADAAA"), 42 U.S.C. Section 12101 et seq. This District possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f) and 28 U.S.C 1391 (b)(1).  The Court may exercise jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law which rights provide for injunctive relief and other relief for illegal employment discrimination.

10.      The amount in controversy in this action exceeds the jurisdictional limits of this Court.

11.      Venue is proper in that Defendant is located within this District and the acts complained of took place within this District.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Emily Iorg-Walters v. SkillPath Seminars*

12.     On or about July 3, 2017, Plaintiff Iorg filed a Charge of Discrimination that was dually filed with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon disability and retaliation.

13.     A true and accurate copy of the Charge of Discrimination against Defendant SkillPath Seminars dated July 3, 2017 is attached here to as **Exhibit "A".**

14.     The aforesaid Charge of Discrimination provided the KHRC and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the KHRC or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

15.     On or about December 3, 2018, the KHRC issued its finding and Investigative Case Summary for Plaintiff Iorg's complaint of discrimination, KHRC Case No. 39423-18.

16.     On or about February 20, 2019, the EEOC issued Plaintiff Iorg her Notice of Right to Sue Letter pertaining to her complaint of discrimination on Charge No. 28D-2017-00559.

17.     A true and accurate copy of Plaintiff Iorg's Notice of Right to Sue Letter dated February 20, 2019 is attached hereto as **Exhibit "B"**.

18.     Plaintiff Iorg has filed her lawsuit within 90 days of her receipt of her "Dismissal and Notice of Rights" from the EEOC.

19.     Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## FACTS COMMON TO ALL COUNTS.

20.     Plaintiff Iorg hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

21.     Plaintiff Iorg is a Caucasian female.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Emily Iorg-Walters v. SkillPath Seminars*

22.     Plaintiff Iorg has a disability, has a history of disability and/or was regarded as disabled by Defendant SkillPath Seminars.

23.     In or about 2000, Plaintiff Iorg was diagnosed with Crohn's Disease.

24.     Defendant SkillPath was aware of Plaintiff Iorg's disability(ies).

25.     Plaintiff was hired as a part-time employee with National Seminars training on December 10, 2008, and became a permanent, full-time employee, in good standing with National Seminars Training in or about April 2012.

26.     On or about November 4, 2014, Plaintiff requested an accommodation through the Americans with Disabilities Act ("ADA") based upon her diagnosed Crohn's disease.

27.     National Seminars Training approved her request for reasonable accommodation by revising her work schedule to do telework by working from home 1.5 days per week.

28.     On or about March 31, 2015, National Seminars Training was purchased by SkillPath Seminars.

29.     Plaintiff was a permanent, full-time employee in good standing with SkillPath from on or about March 31, 2015 through the date of her constructive discharge on or about March 29, 2017.

30.     The last position Plaintiff Iorg held was as a Copy Editor/Proofreader.

31.     Plaintiff was paid approximately $19.24 per hour.

32.     In or around the beginning of August 2015, Plaintiff's office was transferred to the Production Department.

33.     On or about August 25, 2015, Plaintiff utilized her ADA reasonable accommodation and teleworked, using GoToMyPC, which allows Plaintiff to gain full access to her work computer and email via her home computer.

34.     On or about August 31, 2015, Defendant rescinded Plaintiff's reasonable ADA accommodation(s).

35.     After August 31, 2015, Defendant refused to engage in the interactive process to discuss alternative reasonable ADA accommodation(s).

36.     Denise Loeb, Human Resources, and Eric Snider, a supervisor, informed Plaintiff that Defendant does not allow employees to work from home and that as of September 1, 2015, Plaintiff was expected to report to the office.

37.     Ms. Loeb advised Plaintiff that she would need to fill out Family Medical Leave ("FMLA") paperwork.

38.     Ms. Loeb advised Plaintiff that if she could not be physically present in the office, then Plaintiff would have to call in and first use available benefit time, and any time beyond that must be designated as FMLA leave.

39.     Ms. Loeb provided Plaintiff with FMLA paperwork and stated that it had to be completed and returned within 15 days.

40.     Plaintiff informed Ms. Loeb that she was planning to telework the following day, as her ADA accommodation allowed.

41.     However, Ms. Loeb told Plaintiff that her options were to go into the office or call in sick.

42.     On or about September 1, 2015, Plaintiff reported to work in the office.

43.     However, Plaintiff sent an email to Ms. Loeb and Chad Pio, Plaintiff's manager, asking if her ADA accommodation was an undue hardship on Defendant.

44.     Plaintiff further stated that she was going to submit a new letter requesting the need for her accommodation under the ADA.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Emily Iorg-Walters v. SkillPath Seminars*

Page 5 of 19

45.     Ms. Loeb responded, "A medically necessary accommodation of a day off from work is not an undue hardship. However, if someone is medically unable to come to work, SkillPath does not approve for the person to work from home."

46.     On or about September 3, 2015, Plaintiff's gastrointestinal doctor, Dr. Mark Allen at Saint Luke's – GI Diagnostics, wrote a letter to Plaintiff's employer discussing Plaintiff's impairment(s) and/or disability(ies).

47.     Dr. Mark Allen writes, "I would like [Plaintiff] to be able to continue to work from home one day a week so she can complete her work responsibilities. This gives her a chance to regroup and reduce her stress, which in turn, helps us manage her Crohn's disease better."

48.     On or about September 6, 2015, Ms. Loeb emailed Plaintiff acknowledging the doctor's note from Dr. Allen.

49.     Ms. Loeb further asked if Dr. Allen was going to be completing the full FMLA paperwork and sending it to her.

50.     Ms. Loeb also claimed that Defendant was continuing to review the option of working from home, but that it was outside of Defendant's policies and practices for most positions.

51.     On or about September 8, 2015, Plaintiff responded to Ms. Loeb clarifying that her request is for an accommodation under the ADA, not a request for leave under the FMLA, and she would like her request for an ADA accommodation to be addressed.

52.     On or about September 14, 2015, instead of acknowledging Plaintiff's request for reasonable accommodation under the ADA, Ms. Loeb stated that Defendant had designated her time off for her medical condition as FMLA leave.

53.     Ms. Loeb further stated that "Defendant does not permit work from home with respect to your position".

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Emily Iorg-Walters v. SkillPath Seminars*

54. However, Ms. Loeb did not explain the review conducted by Defendant to come to that conclusion.

55. On or about October 19, 2015, Defendant required that Plaintiff increase her hours from 38 hours per week to 40 hours per week.

56. On or about July 21, 2016, Plaintiff emailed Ms. Loeb and again asked for an explanation of the undue hardship placed on Defendant if they were to provide her with the reasonable accommodation of telework under the ADA.

57. Also on or about July 21, 2016, Plaintiff emailed Chad Pio, her manager, and requested information regarding a lead proofreader promotion that was given without being explained to all those who were eligible.

58. On or about July 27, 2016, Ms. Loeb told Plaintiff that her position required her to be in the office when working.

59. Plaintiff assured Ms. Loeb that she knew she would be able to effectively complete her job tasks by teleworking because she had done it previously for National Seminars Training.

60. Plaintiff further stated that this would not create undue hardship or expense to Defendant.

61. On or about July 28, 2016, Ms. Loeb responded, simply stating, "We have already had this discussion. Your position at SkillPath remains the same. Please let me know if I can answer any questions regarding FMLA leave."

62. On or about July 29, 2016, Mr. Pio advised Plaintiff that the promotion was not a supervisory or managerial promotion, but he did confirm that the promotion had been given to someone else.

63.     On or about November 21, 2016, Mr. Pio emailed Plaintiff requesting her ideas regarding "skills learned" and "goals" for her review.

64.     On or about November 22, 2016, Plaintiff responding to Mr. Pio giving a summary of the skills she has learned over the past year.

65.     Plaintiff utilized this opportunity to mention her concerns regarding the way Defendant chose to handle her requests for reasonable accommodation(s) regarding her medical condition(s).

66.     Within her November 22, 2016 email, Plaintiff stated:

I've learned that individual employee input is not valued by SkillPath upper management and that upper management and HR do not trust or seek knowledge from employees. … I'm used to taking pride and ownership in my work, and have begun learning in this last year here (a hard lesson) not to, because upper management doesn't value or allow individual achievement. This overall tone has led to a strengthening of my job survival skills in a work environment without support from HR or upper management.

67.     While discussing her goals for the following year, Plaintiff stated:

I began with guarded optimism, encouraged by the opportunity to work for a company with more functional upper management and assurance made in early communications from the CEO and HR. I quickly realized SkillPath doesn't follow federal law or honor what has been said in writing and orally to NST employees regarding schedule, hours, and benefits. This negatively affects my health condition covered under the ADA and makes my daily work a greater challenge.

68.     Plaintiff further stated that one of her goals for the company was that "HR and upper management learn to follow federal law and trust its employees".

69.     On or about December 7, 2016, Plaintiff had a year-end review meeting with Mr. Pio.

70.     On or about December 20, 2016, Ms. Loeb emailed Plaintiff regarding the concerns she brought up during her year-end review.

71.     Ms. Loeb claimed that Defendant was in compliance with all regulations regarding accommodation(s).

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Emily Iorg-Walters v. SkillPath Seminars*

72. Ms. Loeb further claimed that Plaintiff was on FMLA and was required to use any available benefit time along with FMLA time used intermittently.

73. Plaintiff had further concerns with Defendant's failure to properly engage in the interactive process regarding her request for flexibility in hours and teleworking from home under the ADAAA and expressed that she was also trying to work amid the background noise that she hears in her office that interrupts her concentration.

74. Ms. Loeb alleged that she offered to purchase a white noise machine for Plaintiff, move Plaintiff to an open room, and/or switch Plaintiff's office with other employees.

75. Ms. Loeb chose not to address Plaintiff's concerns with Defendant's failure to engage in the interactive process regarding her request for flexibility in hours and teleworking from home under the ADAAA.

76. Ms. Loeb further alleged that Plaintiff expressed disagreement regarding the proofreader who was made Lead.

77. Plaintiff did not disagree with the decision to promote the proofreader to a Lead, but was merely asking for clarification on the company's policies and procedures on such a promotion.

78. Ms. Loeb stated that, "One of [Plaintiff's] goals is to find a way to work through the day without accommodation for [her] chronic health condition."

79. Alternatively, Plaintiff's goal was trying to find a way to work through the day without the presence of an ADA accommodation.

80. On or about March 17, 2017, Plaintiff felt she had no choice but to put in her two weeks' notice to Defendant.

81. On or about March 29, 2017, Plaintiff completed an Exit Interview for Defendant.

82.     Within her Exit Interview, Plaintiff indicated that the number one reason for leaving Defendant was because "company [was] not engaging in [the] full ADA process".

83.     Plaintiff further stated that she was working for Defendant against medical advice.

84.     Plaintiff stated that her doctors had great concern that Defendant was not fully engaging in the requirements of federal workplace law and that they could see the health effects it was having on her.

85.     As an additional comment to her Exit Interview, Plaintiff stated:

I am well versed in federal law after eight years of copy editing/proofreading and revising content in federal workplace law training materials. SkillPath bullied me and skirted the full requirement of reasonable accommodation with an insufficient explanation of undue hardship and no offer for follow-up discussion. I am leaving because SkillPath refused to fully address my accommodation arrangements and requests. The resulting workload situation and ensuing stress has exacerbated my ADA-covered condition, causing my doctors concern.

86.     On or about March 29, 2017 was the last day Plaintiff worked for Defendant.

After her termination, Defendant continued its pattern of discrimination and/or retaliation against Plaintiff by terminating her benefits, including but not limited to health insurance.

87.     Plaintiff Iorg further was the victim of discriminatory and retaliatory conduct on the part of the Defendant that was ongoing and pervasive and constituted a "continuing violation: of Plaintiff's rights.

88.     Plaintiff Iorg further was the victim of discriminatory and retaliatory conduct on the part of the Defendant that was a continuing pattern of discrimination and/or retaliation.

89.     Upon information and belief, Defendant has engaged in a pattern or practice of discrimination and retaliation against people that are similarly situated to Plaintiff, and Defendant SkillPath Seminars' conduct towards Plaintiff Iorg was a part of this pattern or practice.

90.     Defendant was aware that Plaintiff has Crohn's Disease.

91.     Defendant was aware that without a reasonable accommodation, Plaintiff's symptoms were exacerbated.

92.     Discrimination under the ADA includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

93.     Other than offering that she take FMLA leave intermittently, Defendant did not discuss other reasonable accommodations.

94.     Defendant refused to consider telework as a reasonable accommodation for Plaintiff.

95.     Plaintiff had successfully teleworked for years prior to Defendant National Seminars Training being purchased by SkillPath Seminars.

96.     Crohn's Disease is a chronic inflammatory condition of the gastrointestinal tract ("GI").

97.     Crohn's Disease most commonly affects the end of the small bowel and the beginning of the colon but may affect any part of the GI tract from the mouth to the anus.

98.     Anxiety and/or stress can exacerbate the symptoms and effects of Crohn's Disease by causing an increased number of flare-ups and increased severity of symptoms resulting in both short-term and long-term damage to a person's gastrointestinal system, integumentary system and genitourinary system.

99.     In more severe cases, Crohn's Disease can lead to tears (fissures) in the lining of the anus, which can cause pain, bleeding, and inflammation, that leads to the development of fistulas.

100.    Crohn's Disease is a chronic disease that Plaintiff will have for the rest of her life.

101.    Plaintiff may have periods of remission and/or relapse; however, Plaintiff will always require medication, treatment, and evaluation from medical providers, including specialists, even during periods of remission.

102.    Plaintiff's Crohn's Disease is a disability as defined by the ADA.

103.    Defendant failed to advise Plaintiff that she could have been entitled to leave under the ADA as a reasonable accommodation.

104.    Plaintiff suffers from physical impairments, which substantially limits one or more of her major life activities, including, but not limited to: accomplishment of her daily routines of life, eating, concentrating, interacting with others, sexual activity, sleeping, breathing, working, her gastrointestinal system, integumentary system, genitourinary system, cardiovascular system, neurological system and/or respiratory system.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA.

105.    Plaintiff Iorg hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

106.    Plaintiff has a disability as defined by the Americans with Disabilities Act, to-wit:

a.    a physical impairment, to wit: Crohn's Disease, which substantially limits one or more of her major life activities, including, but not limited to: accomplishment of her daily routines of life, eating, concentrating, interacting with others, sexual activity, sleeping, breathing, working, her gastrointestinal system, integumentary, genitourinary system, cardiovascular system, neurological system and/or respiratory system.

b.    a record of such physical impairment; and,

c.    Defendant regarded Plaintiff as having such an impairment.

107.    Plaintiff Iorg is a qualified individual with a disability as defined by the Americans with Disabilities Act, to-wit: Plaintiff, with reasonable accommodation, is able to perform the essential functions of her employment position with Defendant SkillPath Seminars.

108.    Following Plaintiff's medical appointments and her doctor's recommendation of working one day per week from home, Defendant SkillPath Seminars failed to accept Plaintiff's work restrictions and forced her to use benefit time as her leave.

109.    Defendant did not discuss with Plaintiff whether she needed a reasonable accommodation.

110.    Defendant SkillPath Seminars deprived Plaintiff Iorg the opportunity to engage in the interactive process to identify any reasonable accommodation which indicates a failure to accommodate.

111.    By refusing to consider Plaintiff's request for a reasonable accommodation, Defendant did not participate in the interactive process in good faith.

112.    Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.

113.    As a direct and proximate result of Defendant's violation of the ADA, as aforestated, Plaintiff has suffered aggravation of her disability and its symptoms, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

114.    As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been

required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Iorg respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: 1) declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., 2) award Plaintiff all lost wages, past and future, to which she is entitled, 3) award Plaintiff all compensatory, punitive, and exemplary damages, 4) award Plaintiff all expenses and attorney's fees, with interest at the highest lawful rate, and, 5) award any such other relief as this Court deems just and proper.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE ADA

115.    Plaintiff Iorg hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

116.    Defendant subjected Plaintiff to disparate treatment, harassment, and/or constructive discharge, as set forth herein, in whole or in part because of her disability, said acts being made unlawful by Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"/"ADAA").

117.    Defendant violated the aforementioned ADA, inter alia, by the following acts:

a.    Discharging or otherwise limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of her disability and/or requests for accommodation;

b.    Subjecting Plaintiff to disparate treatment and harassment on the basis of her disability and/or requests for accommodation;

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Emily Iorg-Walters v. SkillPath Seminars*

c.      Creating and subjecting Plaintiff to a hostile environment on the basis of Plaintiff's disability and/or requests for accommodation.

118.    Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.

119.    Defendant SkillPath Seminars engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff Iorg.

120.    As a direct and proximate result of Defendant violation of the ADA, as aforestated, Plaintiff has suffered aggravation of her disability and its symptoms, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

121.    As a further direct and proximate result of Defendant violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Iorg respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: 1) declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., 2) award Plaintiff all lost wages, past and future, to which she is entitled, 3) award Plaintiff all compensatory, punitive, and exemplary damages, 4) award Plaintiff all expenses and attorney's fees, with interest at the highest lawful rate, and, 5) award any such other relief as this Court deems just and proper.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Emily Iorg-Walters v. SkillPath Seminars*

**COUNT III**
**RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION**
**IN VIOLATION OF THE ADA**

122.    Plaintiff Iorg hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

123.    During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADA, and KAAD to wit, Plaintiff opposed acts and practices made unlawful by the ADA, and KAAD including, but not limited to, failing to accommodate Plaintiff's disability, withdrawing previous accommodation(s) for Plaintiff's disability, and/or subjecting Plaintiff to disparate treatment, harassment, and/or discrimination on the basis of her disability, as set forth herein.

124.    Defendant retaliated and discriminated against Plaintiff for engaging in said protected by activity, as set forth herein.

125.    Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA, as set forth herein.

126.    As a direct and proximate result of Defendant' retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered aggravation of her disability and its symptoms, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

127.    As a further direct and proximate result of Defendant' retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of her earning capacity and

ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Iorg respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: 1) declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., 2) award Plaintiff all lost wages, past and future, to which she is entitled, 3) award Plaintiff all compensatory, punitive, and exemplary damages, 4) award Plaintiff all expenses and attorney's fees, with interest at the highest lawful rate, and, 5) award any such other relief as this Court deems just and proper.

## COUNT IV
## VIOLATION OF KANSAS ACT AGAINST DISCRIMINATION ("KAAD")

128.    Plaintiff Iorg hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

129.    Defendant illegally discriminated against Plaintiff and subjected her to a hostile work environment based on her disability by way of offensive conduct, treatment and constructive discharge.

130.    Defendant treated other employees better and gave more favorable treatment to such employees based on the fact they did not share the same disability as Plaintiff.

131.    Defendant's actions against Plaintiff were retaliatory in that after she engaged in activity protected under the KAAD, Defendant took tangible, adverse job actions against Plaintiff, including constructive discharge.

132.    Plaintiff was subjected to harassment, including, but not limited to, intense scrutiny of her work, disrespectful treatment, and degrading and humiliating comments.

133.    All actions or inactions of or by Defendant occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

134.    Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of the Kansas Act Against Discrimination as alleged herein.

135.    Plaintiff's disability was a contributing factor in Defendant's discriminatory conduct against Plaintiff in violation of the Kansas Act Against Discrimination.

136.    Plaintiff further believes that she was the victim of discriminatory conduct on the part of the Defendant that was ongoing and pervasive and constituted a "continuing violation" of her rights.

137.    As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered damages which include mental anguish, emotional distress, pain and suffering, a detrimental job record, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep and other nonpecuniary losses, all of a continuing and permanent nature.

138.    The conduct of Defendant was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

139.    Plaintiff is also entitled to recover all of her costs, expenses, expert witness fees and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, for all actual, compensatory and punitive damages, all costs, all expenses and attorneys' fees incurred herein, and all legal and equitable relief requested in this complaint.

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Emily Iorg-Walters v. SkillPath Seminars*

## REQUEST FOR JURY TRIAL.

Plaintiff Iorg requests a jury trial on all claims asserted herein.

## DESIGNATION OF PLACE OF TRIAL.

Plaintiff Iorg designates Kansas City, Kansas as the place of trial.

Respectfully submitted,


/s/ Aaron C. McKee
Aaron C. McKee                    KS # 20889
MCKEE LAW, L.L.C.
222 South Cherry Street
Olathe, Kansas 66061
Phone: (913) 768-6400
Facsimile: (913) 768-6420
aaronmckee@ksmoemploymentlaw.com
**ATTORNEY FOR PLAINTIFF**

Complaint and Demand for Jury Trial and Designation of Place of Trial
*Emily Iorg-Walters v. SkillPath Seminars*